# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
August 31, 2010

No. 09-50342
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

STEVEN ROBERT BARTH,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:08-CV-19
USDC No. 2:03-CR-124-14

Before JOLLY, GARZA and STEWART, Circuit Judges.

PER CURIAM:[*]

Steven Robert Barth appeals the denial of his 28 U.S.C. § 2255 motion which sought to challenge his jury trial conviction for conspiracy to possess with intent to distribute marijuana, conspiracy to import marijuana, and possession of firearms in furtherance of a drug trafficking crime, for which he was sentenced to 241 months in prison. He argues that trial counsel rendered ineffective assistance due to an actual conflict of interest stemming from the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

payment of legal fees by Jason Schillings, a former client and a government witness.

We have carefully reviewed the record and the appellate arguments and conclude that the district court did not err in finding that Barth failed to establish an actual conflict of interest which adversely affected counsel's performance. *See United States v. Burns*, 526 F.3d 852, 856-57 (5th Cir. 2008). The conflict here remained purely hypothetical. *See id.* Barth's attorney represented Schillings in an unrelated civil matter; the representation had been unequivocally terminated prior to trial; and the facts and issues of the previous representation had no relation to the criminal charges against Barth. *See id.* Moreover, the payment of legal fees by one client for another does not establish, by itself, an actual conflict of interest. *See United States v. Corona*, 108 F.3d 565, 575 (5th Cir. 1997).

AFFIRMED.